IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARBARA CAROLYN KING                                                    PLAINTIFF

V.                           NO. 11-5095

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Barbara Carolyn King, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for a period of disability and disability insurance benefits (DIB). (Doc. 1). The Defendant filed an answer to Plaintiff's action on July 29, 2011, denying that Plaintiff is entitled to judgment or the relief sought. (Doc. 7). Plaintiff filed an appeal brief on August 30, 2011. (Doc. 8).

On September 23, 2011, the Commissioner, having changed positions, filed an Unopposed Motion to Remand, pursuant to "sentence four" of section 405(g) to allow the Commissioner to conduct further proceedings. (Doc. 9). The Defendant states that upon remand, the Commissioner will obtain supplemental evidence from a vocational expert to clarify the effect of Plaintiff's assessed limitations on the occupational base.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to

**AO72A**
**(Rev. 8/82)**

consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 28th day of September, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE